JAMES P. KRAUZLIS, ESQ.
BADIAK & WILL, LLP
Attorneys for Plaintiff
106 3rd Street
Mineola, New York 11501
(516) 877-2225
Our Ref. :   14-P-004-JK

**14 CV 7989**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
HARTFORD FIRE INSURANCE
COMPANY, a/s/o Carl Brandt, Inc.,

                  Plaintiff,

- against -

M/V COSCO NAGOYA, her engines, tackle,
boilers, etc. *in rem*, JASMINE SHIPPING
SA, COSCO CONTAINER LINES CO.
LTD., and HANJIN SHIPPING COMPANY,
*in personam*,

                  Defendants.
------------------------------------------------------------x

ECF

14 Civ.

COMPLAINT



RECEIVED OCT 0 3 2014 U.S.D.C. S.D. N.Y. CASHIERS

Plaintiff, HARTFORD FIRE INSURANCE COMPANY a/s/o Carl Brandt, Inc., by their attorneys, Badiak, & Will, LLP, as and for their Complaint herein against the defendants, alleges upon information and belief as follows:

1. All and singular the following premises are true and constitute an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

2. Plaintiff, Hartford Fire Insurance Company (hereinafter referred to as "Hartford"), is and was at all times hereinafter mentioned a corporation organized and existing under and by virtue of the laws of one of the states of the United States and provided all-risk cargo insurance

for the subject shipments hereinafter described, and maintained an office and place of business at P.O. Box 3122, Naperville, Illinois 60566-7122 and 2 Park Avenue, New York, New York..

3. Plaintiff Hartford has paid the consignee and owner of the shipment mentioned hereinafter pursuant to a marine cargo insurance policy herein before described and brings this action on its own behalf and as agent and trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action. The shipper and consignee hereinafter mentioned have performed all conditions required on their part to be performed with respect to the subject shipment.

4. Defendant, M/V COSCO NAGOYA (hereinafter "the vessel") is an ocean going container ship owned and operated by Doun Kisen Company Ltd. at 1307-8, Oaza Namikata-Ko, Namikata, Ochi-gun, Ehime Prefecture, 799-2101, Japan, that carried containerized cargo which is the subject of this lawsuit, from Germany to the United States.

5. Defendant Jasmine Shipping SA (hereinafter "Jasmine"), is and was a corporation or other business entity organized and existing under and by virtue of the laws of a foreign state, with an office and place of business located c/o COSCO Container Lines Co. Ltd. (COSCON), 100 Lighting Way, Secaucus, New Jersey, and was at all material times the registered owner of the M/V COSCO NAGOYA, and operated, chartered, hired, managed and/or otherwise controlled the vessel as a common carrier of goods by water for hire.

6. Defendant COSCO Container Lines Co. Ltd. (hereinafter "COSCO"), is and was a corporation or other business entity organized and existing under and by virtue of the laws of a foreign state, with an office and place of business located at 100 Lighting Way, Seacucus, New Jersey, and was at all material times a chartere and/or manager of the M/V COSCO NAGOYA and its duties included but were not limited to the planning of and providing stowage of the containers aboard the vessel during the voyage in question.

7. Defendant, Hanjin Shipping Company Limited (hereinafter "Hanjin"), is and was a corporation organized and existing under and by virtue of the laws of a foreign state with an office and place of business located at 4300 North Point Parkway, Suite 103, Alpharetta, Georgia 30022, and is and was at all times hereinafter mentioned, a common carrier by water for hire and owned, chartered, managed and/or otherwise controlled or contracted to use the M.V. COSCO NAGOYA as a general vessel engaged in the common carriage of merchandise by water for hire between, among others, the ports of Bremerhaven, Germany, and New York, New York.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**

8. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 though 7, inclusive, as if herein set forth at length.

9. On or before December 18, 2013, there was shipped by Verdener Keks und Waffelfabrik Han Freitag GmbH & Co. KG, as shipper, and delivered to Hanjin and the vessel at Bremerhaven, Germany, as common carriers, a shipment consisting of Two Thousand Five

Hundred and Fifty (2,550) cartons of cookies stowed within an ocean shipping container numbered TCNU6674696, said shipment then being in good order and condition, and defendant then and there accepted the said shipment so shipped and delivered to them and, in consideration of certain freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to New York, New York, and there deliver same in like good order and condition as when shipped, delivered to and received by them, to Carl Brandt, Inc., the consignee and the plaintiff's assured, all in accordance with a bill of lading issued by or on behalf of the vessel and defendant Hanjin, numbered HJSCBUD303328300, dated on or about December 18, 2013.

10.  Thereafter the aforementioned shipment was loaded aboard the M/V COSCO NAGOYA and the vessel sailed for its intended destination.

11.  On or about December 23, 2013, while the vessel was enroute to the United States andin the Atlantic Ocean, the vessel lost a number of containers overboard, including the subject container laden with the hereinbefore described cargo.

12.  As a result of the foregoing, Plaintiff suffered a loss of its cargo valued at $43,344.68.

13.  The loss sustained by Plaintiff was not the result of any act or omission of the Plaintiff, the shipper or its assured, the consignee, but, to the contrary, was due solely as a result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the Defendants and/or their agents and/or the unseaworthiness of the M/V COSCO NAGOYA.

14.     By reason of the foregoing, Plaintiff has sustained damages as best can now be estimated in the amount of $43,344.68, no part of which has been paid, although duly demanded.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

15.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 though 14, inclusive, as if herein set forth at length.

16.     At the time the aforementioned damage and non-delivery of the shipment referred to herein occurred, defendants, together with the entities they hired to act on their behalf, were acting as bailees of the aforementioned shipment and in their own capacity, or through their contractors, agents, servants or sub-bailees, had a duty to safely and properly keep, care for and deliver the shipment in the same good order and condition as when first entrusted to them. Defendants also had the duty to ensure that the services provided for the shipment were performed with reasonable care and in a non-negligent and workmanlike manner.

17.     Defendants breached their duties and obligations as bailees by failing to deliver said shipment at destination.

18.     By reason of the foregoing, Plaintiff has sustained damages, as best can now be estimated, in the amount of $43,334.68, no part of which has been paid, although duly demanded.

### AS AND FOR A THIRD CAUSE OF ACTION

19.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 though 18, inclusive, as if herein set forth at length.

20.     As the owners, operators, charterers and/or managers of the M/V COSCO NAGOYA, defendants were responsible for properly manning, maintaining, and repairing the vessel and to

properly ensure proper lashing gear and stowage of the subject shipment and for otherwise exercising due diligence to ensure that the vessel was seaworthy and fit to carry cargoes that were delivered to and loaded on board the M/V COSCO NAGOYA during winter North Atlantic Voyages.

21. The losses sustained by Plaintiff were caused, in whole or in part, by the negligence and fault of defendants, and/or their agents, representatives and independent contractors for whose acts and omissions they were responsible, including but not limited to their failure to maintain the M/V COSCO NAGOYA in a seaworthy condition.

22. By reason of the foregoing premises, Plaintiff has sustained damage, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $43,344.68.

WHEREFORE, plaintiff prays:

1. That process in due form of law may issue against defendants citing them to appear and answer all and singular the matters aforesaid;

2. That if defendants cannot be found within this District then all of their property within this District be attached in the sum of $43,344.68, with interest thereon and costs, the sum sued for in this Complaint;

3. That judgment may be entered in favor of plaintiff, HARTFORD FIRE INSURANCE COMPANY, and against defendants M/V COSCO NAGOYA, her engines, tackle, boilers, etc. *in rem*, JASMINE SHIPPING SA, COSCO CONTAINER LINES CO. LTD., and HANJIN SHIPPING COMPANY, *in personam*, in the amount of $43,344.68, together with interest and costs and the disbursements of this action;

4. That this Court will grant to plaintiff such other and further relief as may be just and proper.

Dated: October 3, 2014
       Mineola, New York

BADIAK & WILL, LLP
Attorneys for Plaintiff
Hartford Fire Insurance Company

By: _____
    JAMES P. KRAUZLIS (JK-4972)